SOUTHERN COTTON OIL COMPANY v. COLEMAN.

Opinion delivered October 26, 1914.

1. STATUTE OF FRAUDS—SALE—WRITTEN CONFIRMATION.—Defendant wrote plaintiff a letter confirming the purchase at a certain price, of a certain amount of sound, clean cotton seed; *held,* the letter was a sufficient confirmation to take out of the statute of frauds an oral contract of sale as claimed by the plaintiff, for the purchase of such an amount of cotton seed, at such a price, without provision as to the seed being sound and clean, the writing not asserting that the confirmation was on condition of the seed being sound and clean.

2. EVIDENCE—SALE—WRITTEN CONFIRMATION—ORAL PROOF.—A writing of confirmation which takes out of the statute of frauds an oral contract of purchase, may be proved by oral testimony of the writing and that it can not be found.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

STATEMENT BY THE COURT.

On December 11, 1912, an agent of appellant made an oral agreement with appellee to purchase about twenty-two and one-half tons of cotton seed at $28.00 per ton, and notified appellant of the fact. On December 12, 1912, appellant wrote to appellee concerning the purchase as follows:

"Referring to report of Mr. Jesse H. Webb, we hereby confirm purchase from you as follows: One car, about twenty tons, sound, clean cotton seed. Price: at $28.00 per ton of 2,000 pounds. Basis, carload lot, f. o. b. cars, Coy, Arkansas. Terms: Weight on track scales at mill to govern. Settlement by check, promptly upon receipt and unloading. Shipment, prompt."

The appellee brought this suit in the justice court, which was appealed to the circuit court, in which he claims that the appellant was due him for breach of contract for failing to accept and pay for the seed which he had sold to appellant, resulting in his damage in the sum of $56.89. The cause was tried without a jury and judgment was rendered in favor of the appellee, and the appellant has duly prosecuted this appeal. (Other facts stated in the opinion).

*Ratcliffe & Ratcliffe,* for appellant.

1. The contract comes within the statute of frauds, and was not binding unless there was a note or memorandum of the contract signed by the parties.

2. The letter of confirmation, dated December 12, 1912, constituted a note or memorandum signed by the defendant. Whether it be treated as a memorandum under the statute of frauds, or as a written contract, the terms of the contract must be gotten from the letter. Wigmore on Evidence, § 2425 and 2424 (b); 20 Cyc. 258; 45 Ark. 17. The contract, therefore, was for the purchase of "sound, clean cotton seed," and there is no contention that the seed shipped were of that kind.

*Vaughan & Akers,* for appellee.

WOOD, J., (after stating the facts. (1) The appellee testified, over the objection of appellant, that he sold to

appellant's agent a car of cotton seed to be delivered as
soon as he could get them from the gin, at $28.00 a ton.
Appellant contends that the contract was within the stat-
ute of frauds, and that this testimony was incompetent,
but the letter set forth in the statement was a sufficient
confirmation of the contract, as claimed by appellee, to
take it out of the statute of frauds. It will be observed
from a reading of the letter that it purports to confirm the
purchase as claimed by appellee, but states in the letter
that the purchase was as follows: "One car, about twenty
tons, sound, clean cotton seed. Price: at $28.00 per ton
of 2,000 pounds," etc. The letter, while stating a con-
firmation of the purchase, does not assert that this con-
firmation was upon the condition that the seed should
be "sound, clean cotton seed," etc. The court was there-
fore warranted in finding that the letter was a confirma-
tion of the contract as alleged by the appellee.

(2)    But there was testimony to warrant the court
also in finding that there was another letter written to
the appellee, which constituted a memorandum or basis
of the contract, that did not mention that the seed were
to be "sound, clean seed," etc. Appellee testified con-
cerning this as follows: "After I had sold the seed to
Mr. Webb, the Southern Oil Mill at Little Rock
wrote me a letter confirming the sale at $28.00. That
letter got misplaced, I reckon; I have made a diligent
search for it."

Appellee further testified that there was nothing
said with regard to the quality of the car of seed, noth-
ing said as to the foreign matter in it. While this testi-
mony is not very convincing, it is sufficient to warrant
the court's finding that there was a confirmation of the
contract as appellee stated it.

Moreover, there was evidence tending to show that
the seed were shipped to appellant on or before Decem-
ber 28, 1912, under the terms of the contract as detailed
by appellee. If the seed were delivered to appellant un-
der the contract as set up by the appellee, then the appel-
lant could not refuse to accept and pay for the same on

the ground that the same were not "sound, clean cotton seed;" and the court was correct in its finding that the appellant broke its contract by refusing to accept and pay for the car of seed in question on January 11, 1913. It was a question of fact as to whether or not under the terms of the contract the seed sold by appellee to appellant were to be "sound, clean cotton seed" as contended by the appellant and denied by the appellee. It is unnecessary to detail the evidence bearing on this issue. Suffice it to say that the evidence was sufficient to warrant the finding of the court that the contract as to the sale of the seed shipped by the appellee to appellant was for the sale of the average quality of cotton seed for the season.

Appellant does not question the correctness of the amount of appellee's claim, if his contention as to the contract be sound. Appellant only disputes here that the contract was as claimed by appellee.

We find no error in the judgment of the court, and it is therefore affirmed.